```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :   CONSENT PRELIMINARY ORDER
        - v. -                    :   OF FORFEITURE AS TO
                                  :   SPECIFIC PROPERTY
HALLIL TABAR,                     :
                                  :   S7 17 Cr. 618 (RA)
                                  :
            Defendant.            :
                                  :
- - - - - - - - - - - - - - - - - x

    WHEREAS, on or about February 12, 2018, HALLIL TABAR (the "defendant"), was charged in a three-count Superseding Information, S7 17 Cr. 618 (RA) (the "Information"), with his participation in a marijuana distribution conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Counts Two and Three);

    WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Counts Two and Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses alleged in Counts Two and Three of the Information;

WHEREAS, on or about February 12, 2018, the defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One through Three of the Information and agreed to forfeit, pursuant to (i) Title 21, United States Code, Section 853, any and all proceeds traceable to the commission of the offense alleged in Count One, and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property involved in the offenses alleged in Counts Two and Three;

WHEREAS, the defendant consents to the forfeiture of all his right, title, and interest in the following properties:

    a) Any and all monies and funds contained in account number 000000772620071 at JP Morgan Chase Bank N.A. held in the name of "3868 LOS PRIMOS DELI GROCERY

CORP.," and all funds traceable thereto, including accrued interest;

b) Any and all monies and funds contained in account number 000000772623828 at JP Morgan Chase Bank N.A. held in the name of "3868 LOS PRIMOS DELI GROCERY CORP.," and all funds traceable thereto, including accrued interest;

c) Any and all monies and funds contained in account number 000003383923165 at JP Morgan Chase Bank N.A. held in the name of "3868 LOS PRIMOS DELI GROCERY CORP.," and all funds traceable thereto, including accrued interest;

d) Any and all monies and funds contained in account number 000000772622952 at JP Morgan Chase Bank N.A. held in the name of "3868 LOS PRIMOS DELI GROCERY CORP.," and all funds traceable thereto, including accrued interest; and

e) Any and all monies and funds contained in account number 4268399263. at TD Bank, held in the name of "Hallil R. Tabar," and all funds traceable thereto, including accrued interest;

(a – e collectively, the "Specific Property"), all of which represents proceeds traceable to, or property used or intended to

be used to facilitate the commission of the offenses charged in Counts One through Three of the Information;

WHEREAS, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One through Three of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Nicholas Folly and Catherine Geddes, of counsel, and the defendant, and his counsel, Lee Ginsburg, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for

disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the defendant, HALLIL TABAR and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition

within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

      5.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

      6.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

      7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code,

Section 853(n) and Title 18, United States Code, Section 982(b)(1), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied toward the satisfaction of any money judgment entered against the defendant.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

11. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one

or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____   10-7-21
    NICHOLAS FOLLY                       DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    Tel: (212)637-1060

HALLIL TABAR,
DEFENDANT

By: _____   10/7/21
    HALLIL TABAR                          DATE

By: _____   10/7/21
    LEE GINSBERG, ESQ.                    DATE
    Freeman Nooter & Ginsberg
    75 Maiden Lane, Suite 503
    New York, NY 10038

SO ORDERED:
_____   10/7/21
HONORABLE RONNIE ABRAMS              DATE
UNITED STATES DISTRICT JUDGE